**IN THE UNITED STATES
DISTRICT COURT
EASTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| **VANESSA PAYNE** | JURY TRIAL DEMANDED |
| Plaintiff, | |
| v. | Case No. 4:15-CV-795CEJ |
| **J&M SECURITIES, LLC** | |
| and | |
| **SANSONE LAW, LLC, doing business as SANSONE & LAUBER** | |
| Defendants. | |

**PLAINTIFF'S RESPONSE
TO DEFENDANTS' MOTION TO DISMISS**

**INTRODUCTION AND FACTUAL BACKGROUND**

On November 13, 2014, Defendants filed a lawsuit against Plaintiff in the Circuit Court for St. Louis City, Associate Division, styled "J&M Securities, LLC, assignee of Kameron Properties, LLC v. Miguel and Vanessa Payne," case number 1422-AC14844 (the "St. Louis City lawsuit").  The sole cause of action pled was breach of contract. Plaintiff was served with the summons and Petition on February 10, 2015.  Defendants took a default judgment against Plaintiff on March 5, 2015.  In the St. Louis City lawsuit, Defendants provided a 1692g notice to Plaintiff (hereinafter "Notice"). The Notice stated, in part:

> Unless you, the defendant, dispute the validity of the debt within 30 days of receipt of this notice, the debt will assume to be valid by the undersigned attorneys.  If you notify the undersigned attorney in writing within this 30 day period that the debt or any portion thereof is disputed, the undersigned will obtain verification of plaintiff's position and mail it to you.

This Notice is not required at all. This is because a petition is not considered an "initial communication" for purposes of § 1692g(a). See 15 USC § 1692g(d); *Vega v. McKay*, 351 F.3d 1334 (11th Cir. 2003). The Notice arises from a fundamental misunderstanding of the law on the part of the Defendants, to wit: a pleading could never trigger a consumer's rights pursuant to § 1692g of the FDCPA. Irrespective of the same, Defendants has chosen to incorporate its so-called Notice into each and every one of its collection lawsuits. Any potential *bona fide* error defense which relies upon Defendants' mistaken interpretation of the legal duties imposed upon them by the FDCPA would fail as a matter of law. *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich, L.P.A.*, 130 S. Ct. 1605 (U.S. April 21, 2010). Several other cases have similarly held that such Notices support a claim for violation of the FDCPA. See *Battle v. Gladstone Law Group*, 951 F. Supp. 2d 1310 at 1315; *Lewis v. Marinosci Law Grp.*, P.C., No. 13-61676-CIV, 2013 WL 5789183, at *4 (S.D. Fla. Oct. 29, 2013); *Samson v. Marinosci Law Grp., P.C.*, No. 13-61677-CIV, 2013 WL 5789216, at *4 (S.D. Fla. Oct. 29, 2013); *Carbonell v. Weinstein Pinson & Riley, P.S.,* 2014 WL 2581043 (S.D.Fla. May 30, 2014); *Desir v. Greenspoon Marder, P.A.,* No. 14-CV-61102, 2014 WL 2767230, at *1 (S.D. Fla. June 19, 2014); *Ortiz et al v. Weinstein, Pinson & Riley, P.S. et al,* Case No. 14–60311–WPD (S.D.Fla. May 30, 2014); *Ewin et al v. Weinstein, Pinson & Riley, P.S. et al,* Case No. 14–60311–WPD (S.D.Fla. May 30, 2014); *Paul et al v. Weinstein, Pinson & Riley, P.S. et al,* Case No. 14–80119–WPD (S.D.Fla. May 30, 2014). *Walker v. Greenspoon Marder, P.A.,* No. 13-CV-14487, 2015 WL 233472 (S.D. Fla. Jan. 5, 2015); *Walker v. Greenspoon Marder, P.A.*, No. 13-CV-14487, 2014 WL 7174220 (S.D. Fla. Dec. 17, 2014).

Defendants' Notice deceives Plaintiff as to when and how her rights are triggered.  It is a false statement and actionable under *Bourff v. Rubin Lublin, LLC,* 674 F.3d 1238, 1241 (11th Cir. 2012) ("A false representation in connection with the collection of a debt is sufficient to violate the FDCPA facially, even where no misleading or deception is claimed."); *see also, Johnson v. Revenue Mgmt. Corp.,* 169 F.3d 1057, 1059 (7th Cir. 1999) (stating a contention that a communication from a debt collector is confusing is a recognized legal claim; no more is needed to survive a motion under Rule 12(b)(6)). The unnecessary Notice, which goes on to explain a consumer's rights to dispute and seek validation of an alleged debt even though those rights have not been triggered, could serve no other possible purpose but to deceive the least sophisticated consumer with respect to their rights under the FDCPA and/or how or when to dispute the debt. Defendants took a default judgment against Plaintiff on or about March 5, 2015 claiming $2709.82 in principal, included $350 in attorney fees and $238.88 in costs of court. The default judgment was improper because Defendants took judgment for an amount higher than any amount Plaintiff could have owed.  Specifically, Defendants added $151.96 for an Ameren electric bill to the default judgment.   Defendant J&M verified this by email through their counsel, Sansone, that the Ameren electric bill was part of the charges which totaled the principal balance claimed in the default judgment. Per the terms of the rental agreement, Plaintiff put the utilities, including services from Ameren, in her own name.  Plaintiff is now being pursued by a collection agency other than the Defendants for payment of the Ameren electric bill.  Plaintiff contacted the collection agency for Ameren to inform them that her former landlord had apparently paid the bill because he had sued her for it.  The collection agency informed Plaintiff the Ameren bill

was for service provided at 5513 Reineke Court (the address at issue in the St. Louis City lawsuit) and was still due and owing.  In order to clear up any confusion, Plaintiff's counsel contacted Sansone who confirmed the utilities were the sole responsibility of the Plaintiff.

Sansone knowingly included the Ameren bill as a part of the judgment when he knew the Ameren bill was legally due and owing to Ameren alone. Neither Sansone nor J&M have amended the St. Louis City lawsuit to rectify their mistake of including the Ameren bill in the default judgment.  Defendant J&M then began garnishment proceedings without the use of their counsel.  RSMo.425.300 prohibits any collection action from being executed by a collection agency without being represented by an attorney. Missouri law prohibits corporations from representing themselves in court proceedings. *CBD Enterprises v. Braco Manufacturing, Inc.* 181 S.W. 3d 129 (Mo. App. 2005).  In the garnishment, Defendant J&M stated the court cost totaled $284.88. This is false and court costs totaled $238.82.  For reasons stated herein, Defendants' Motion to Dismiss must be denied.

## STANDARD OF REVIEW

**MOTION TO DISMISS**

A motion to dismiss for failure to state a claim should be denied unless, after "accept[ing] as true all of the factual allegations contained in the complaint," *Erickson v. Pardus,* 551 U.S. 89, 94 (2011), the plaintiff has failed to state a claim "that is plausible on its face." *U.S. ex rel. Raynor v. Nat'l Rural Utilities Co-op. Fin. Corp.*, 690 F.3d 951, 955 (8th Cir. 2012).  To meet this standard, the plaintiff need not plead specific facts; instead, the complaint "need only give the defendant fair notice of what the...claim is

and the grounds upon which it rests." *L.L. Nelson Enterprises, Inc. v. County of St. Louis, Mo.*, 673 F.3d 799, 805 (8th Cir. 2012) (*citing* Erickson, 551 U.S. at 93).  In other words, in reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court does not ask whether the plaintiff will ultimately prevail on his claim, but rather whether his complaint is "sufficient to cross the federal court's threshold," which is merely a "plausible 'short and plain'" statement of his claim.  *Skinner v. Switzer*, 131 S. Ct. 1289, 1296 (2011) (*citing* Swierkiewicz v. Sorema N. A., 534 U.S. 506, 514 (2002)).

## ARGUMENT

I. **PLAINTIFF HAS PLEADED SUFFICIENT FACTS FOR HER CLAIMS AGAINST DEFENDANTS.**

Taking Plaintiff's allegations pleaded as true, there is no legal basis for granting Defendants' Motion to dismiss.  Defendants took a default judgment against Plaintiff on the 25th day after telling her in the St. Louis City Lawsuit that she had thirty days to dispute the debt at issue.  This is fundamentally unfair.  Defendants then added an additional $151.96 to the judgment for a utility bill that they have no legal right to collect.  This in fundamentally unfair.  Defendant J&M, a limited liability company, instituted garnishment proceedings against Plaintiff without the use of counsel.  This conduct is a violation of Missouri Law and is fundamentally unfair.  To come into this Court and essentially say that "Plaintiff should've known better" is fundamentally unfair.  Plaintiff has met her pleading requirements for relief under 15 U.S.C. §§1692e(10), d-f, and f(1).

## **CONCLUSION**

For reasons stated herein, Plaintiff respectfully requests Defendants' Motion to Dismiss be denied in its entirety and for any other relief the Court deems just and proper.

**RESPECTFULLY SUBMITTED:**

    /s/ James W. Eason

**JAMES W.EASON#57112MO**
The Eason Law Firm, LLC
124 Gay Ave.,Suite 200
Clayton, Missouri 63105
Phone: (314) 932-1066
Fax:    (314) 667-3161
Email: james.w.eason@gmail.com

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the forgoing was emailed to counsel of record by the Court's CM/ECF system this 5th day of October 2015:

Matthew Aplington: maplington@lowenbaumlaw.com

Julia Hodges: jhodges@lowenbaumlaw.com

Benjamin Sansone: ben@sansonelaw.com

/s/ James W. Eason
_____