UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| VANESSA PAYNE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:15-CV-795-CEJ |
| | ) | |
| SANSONE LAW, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's motion for partial dismissal of the third amended complaint for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6). The issues are fully briefed.

## I.    Background

On August 17, 2013, plaintiff executed a residential lease for a house. After she failed to make several rent payments, her landlord assigned the debt to J&M Securities, LLC for collections. Thereafter, defendant Sansone Law, LLC, filed a breach of contract action behalf of J&M against plaintiff in the Circuit Court of the City of St. Louis. The petition contained the following language:

> NOTICE TO EACH DEFENDANT:  Unless you, the defendant, dispute the validity of the debt within 30 days of receipt of this notice, the debt will be assumed to be valid by the undersigned attorneys. If you notify the undersigned attorney in writing within this 30-day period that the debt or any portion thereof is disputed, the undersigned will obtain verification of plaintiff's position and mail it to you. It is the understanding of the undersigned attorney that verification of plaintiff's position is fully documented by the materials you are receiving with this Court Summons. Plaintiff is assignee of the original creditor, **Kameron Properties, LLC**, and this debt or obligation has been transferred for collection purposes. This is an attempt to collect a debt. Any information obtained will be used for that purpose.

[Doc. #14-1 at 2] (emphasis in original).

Defendant obtained a default judgment against plaintiff on March 5, 2015, in the principal amount of $2,709.82, $350.00 in attorneys' fees, and $238.88 in court costs, with interest to accrue at the rate of 9%.[1]  The principal amount included $151.96 for a delinquent electric bill.  In accordance with the terms of her lease, however, plaintiff had a contract for electricity service directly with the utility provider.  Her landlord was not a party to that contract, and, therefore, was not entitled to collect delinquent utility payments.  J&M, acting without counsel, later initiated garnishment proceedings against plaintiff. In the garnishment application, J&M stated that the court costs owed by plaintiff were $284.88, rather than $238.88.  The complaint does not state whether J&M successfully garnished plaintiff's wages.

Plaintiff brings this action claiming violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692, *et seq.*  In the third amended complaint, plaintiff alleges that defendant (1) used false, misleading, or deceptive means to collect or attempt to collect a debt, in violation of § 1692e(10); (2) engaged in false, deceptive, harassing, and unfair conduct, in violation of §§ 1692d–f; (3) collected an amount not authorized by the lease or by law, in violation of § 1692f(1); and (4) overshadowed plaintiff's dispute rights, in violation of § 1692g. Defendant moves to dismiss all but the § 1692e(10) claim.

## II.    Legal Standard

---

[1]When ruling on a motion to dismiss, a court generally may not consider matters outside the pleadings. *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999) (citations omitted). It may, however, consider some public records, materials that do not contradict the complaint, exhibits attached to the pleadings, or materials that are necessarily embraced by the complaint. *Mills v. City of Grand Forks*, 614 F.3d 495, 498 (8th Cir. 2010).  All of the relevant materials were attached to the third amended complaint or are necessarily embraced by it.

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. Fed. R. Civ. P. 12(b)(6). The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 n.1 (2002)); *Neitzke v. Williams*, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations."); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (stating that a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely"). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. *Scheuer*, 416 U.S. at 236. A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see id.* at 563 (stating that the "no set of facts" language in *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957), "has earned its retirement"); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678–84 (2009) (holding that the pleading standard set forth in *Twombly* applies to all civil actions). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

## III. Discussion

To state a claim for a violation of the FDCPA, a plaintiff must plead "that [1] she is a consumer and [2] that [the defendant] is a debt collector within the meaning of the statute; [3] that there was an attempt to collect a debt; and [4] that [the defendant] violated, by act or omission, a provision of the FDCPA." *Mayhall v. Berman & Rabin, P.A.*, No. 4:13-CV-175-AGF, 2014 WL 340215, at *4

3

(E.D. Mo. Jan. 30, 2014). It is undisputed that plaintiff was a consumer and that defendant was a debt collector within the meaning of the FDCPA, and that defendant attempted to collect a debt. Consequently, plaintiff's complaint satisfies the first three requirements to maintain an FDCPA claim.

The remaining question is whether plaintiff has pled sufficient facts to plausibly suggest that defendant violated any section of the FDCPA. "A violation of the FDCPA is reviewed utilizing the unsophisticated-consumer standard which is designed to protect consumers of below average sophistication or intelligence without having the standard tied to the very last rung on the sophistication ladder." *Strand v. Diversified Collection Serv., Inc.*, 380 F.3d 316, 317 (8th Cir. 2004) (quotation marks and citations omitted). "This standard protects the uninformed or naive consumer, yet also contains an objective element of reasonableness to protect debt collectors from liability for peculiar interpretations" of collection activity. *Id.* at 317–18.

### a. Section 1692d

The FDCPA prohibits "conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. This provision lists nonexclusive examples of the types of conduct prohibited by the FDCPA as follows:

> (1) The use or threat of use of violence or other criminal means to harm the physical person, reputation, or property of any person.
>
> (2) The use of obscene or profane language or language the natural consequence of which is to abuse the hearer or reader.
>
> (3) The publication of a list of consumers who allegedly refuse to pay debts, except to a consumer reporting agency . . . .
>
> (4) The advertisement for sale of any debt to coerce payment of the debt.

(5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

(6) Except as provided in [§ 1692b], the placement of telephone calls without meaningful disclosure of the caller's identity.

*Id.* A plaintiff bears the burden to plead and ultimately prove that a defendant's actions were harassing, oppressive, or abusive. *Moore v. CCB Credit Servs., Inc.*, No. 4:11-CV-2132-RWS, 2013 WL 211048, at *3 (E.D. Mo. Jan. 18, 2013).

The complaint contains only a passing reference to § 1692d, and does not set forth any facts that would plausibly suggest that defendant's conduct violated any of the enumerated provisions in that section, or that its conduct was harassing, oppressive, or abusive. *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). In fact, the plaintiff does not allege that defendant actually "engage[d] in any conduct the natural consequence of which [was] to harass, oppress, or abuse" plaintiff. 15 U.S.C. § 1692(d). Further, attempting to collect a debt by instituting a court proceeding and taking default judgment in that proceeding does not have the natural consequence of harassing, oppressing, or abusing the debtor. *See Ness v. Gurstel Chargo, P.A.*, 933 F. Supp. 2d 1156, 1164 n.3 (D. Minn. 2013) ("[T]he 'filing of a lawsuit is not the kind of conduct that was intended to be covered by [§] 1692d.'" (quoting *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 330 (6th Cir. 2006)). Plaintiff's failure to allege any facts that could plausibly support a claim under § 1692d is fatal to that claim. *Cf. Moore*, 2013 WL 211048. Therefore, plaintiff's § 1692d claim will be dismissed.

### b. Section 1692f(1)

Plaintiff next claims that defendant violated § 1692f(1), which forbids "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1). Plaintiff's § 1692f(1) claim against defendant stems from the fact that J&M was granted a default judgment for the principal amount of the debt, attorney's fees, court costs, and interest.

Under the *Rooker-Feldman* doctrine, federal district courts lack subject matter jurisdiction in actions seeking review and reversal of state court judgments. *Skit Int'l, Ltd. v. DAC Techs. of Ark., Inc.*, 487 F.3d 1154, 1157 (8th Cir. 2007); *see District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Tr. Co.*, 263 U.S. 413 (1923). However, the doctrine does not bar federal district courts from considering claims "attacking an adverse party's actions in obtaining and enforcing that [state court] decision." *MSK EyEs Ltd. v. Wells Fargo Bank, N.A.*, 546 F.3d 533, 539 (8th Cir. 2008). Thus, "[i]f a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, *Rooker-Feldman* bars subject matter jurisdiction in federal district court." *Riehm v. Engelking*, 538 F.3d 952, 965 (8th Cir. 2008). "If, on the other hand, a federal plaintiff asserts as a legal wrong an allegedly illegal act or omission by an adverse party, *Rooker-Feldman* does not bar jurisdiction." *Id.*

Consequently, *Rooker-Feldman* does not bar an FDCPA claim challenging a defendant's debt collection practices, to the extent such practices do not implicate a

state court judgment.  But it bars claims that would either directly or "'effectively reverse the state court decision or void its ruling.'"  *Kramer & Frank, P.C. v. Wibbenmeyer*, No. 4:05-CV-2395-RWS, 2007 WL 956931, at *1 (E.D. Mo. Mar. 6, 2007) (quoting *Charchenko v. City of Stillwater*, 47 F.3d 981, 983 (8th Cir. 1995)); *see, e.g.*, *Ness*, 933 F. Supp. 2d at 1162 (collecting cases); *Smith v. Kramer & Frank, P.C.*, No. 4:09-CV-802-FRB, 2009 WL 4725285, at *2–3 (E.D. Mo. Dec. 2, 2009) (rejecting *Rooker-Feldman* challenge to FDCPA claims).

> To determine whether *Rooker-Feldman* bars [a plaintiff's] federal [claim] requires determining exactly what the state court held and whether the relief requested by [the plaintiff] in [her] federal action requires determining the state court's decision is wrong or would void its ruling.  If the relief requested in the federal action requires determining that the state court decision is wrong or would void the state court's ruling, then the issues are inextricably intertwined and the district court has no subject matter jurisdiction to hear the [claim].

*Charchenko*, 47 F.3d at 983.

When the state court entered default judgment against plaintiff, it necessarily determined that she owed the amounts set forth in the judgment.  This Court is barred by *Rooker-Feldman* from invalidating any part of that judicial determination. An inextricably intertwined component of that determination was that J&M, as assignee of the landlord, was entitled to collect $151.96 for the delinquent electricity bill.  Even if J&M was not lawfully entitled to collect the amount of the bill, no FDCPA claim can arise from J&M having sought and obtained default judgment in that amount.  For to hold that J&M was not entitled to collect that amount would be to invalidate a portion of the default judgment, a ruling foreclosed by *Rooker-Feldman*.  *See id.*  As a result, plaintiff cannot maintain a § 1692f(1) claim against defendant for representing J&M in  seeking damages for breach of the lease.  Further, the Court will dismiss the § 1692f(1) claim premised on the

garnishment proceeding, because plaintiff concedes that defendant was not a party

to the garnishment,.

### c. Section 1692g

Plaintiff next alleges that defendant violated § 1692g by including the notice

in the state court pleading.  Section 1692g(a) requires debt collectors to take the

following actions:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
>
> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a).  Section 1692g(b) further provides that, "[a]ny collection

activities and communication during the 30-day period may not overshadow or be

inconsistent with the disclosure of the consumer's right to dispute the debt or

request the name and address of the original creditor."  As plaintiff admits,

8

however, "[a] communication in the form of a formal pleading in a civil action [is] not . . . an initial communication for purposes of [§ 1692g(a)]." *Id.* § 1692g(d).

The complaint does not allege that defendant communicated with plaintiff prior to filing the state court suit, nor that defendant failed to provide plaintiff a § 1692g(a) notice following any later "initial communication." Further, plaintiff does not attempt to argue that the text included in the state court pleading failed to provide adequate notice of plaintiff's right to dispute her debt, *see Volden v. Innovative Fin. Sys., Inc.*, 440 F.3d 947, 956 (8th Cir. 2006) (holding that "substantial compliance" with § 1692g(a) is sufficient), for the notice requirement was never triggered by the state court pleading. *See* 15 U.S.C. § 1692g(d). The complaint therefore does not allege that defendant violated § 1692g(a)'s notice requirement.

Instead, plaintiff argues that defendant violated § 1692g(b) by including in the state court petition a notice that was not required, and, therefore, its collection activities overshadowed and were inconsistent with her right to dispute the debt. She alleges that inclusion of the notice "could serve no other possible purpose but to deceive the least sophisticated consumer with respect to their rights under the FDCPA and/or how or when to dispute the debt." *Third Amd. Compl.* ¶25 [Doc. # 14]. However, this claim properly sounds in § 1692e(10), which prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer," a claim that defendant concedes is plausible and that it has not sought to dismiss.

Because the state court petition was not an initial communication, plaintiff's dispute rights under § 1692g were never triggered. Therefore, none of defendant's

activities could have overshadowed or been inconsistent with plaintiff's dispute rights. *See Ray v. Resurgent Capital Servs., L.P.*, No. 4:15-CV-272-JCH, 2015 WL 3453467, at *3–5 (E.D. Mo. May 29, 2015); *Perry v. Trident Asset Mgmt., L.L.C.*, No. 4:14-CV-1004-SPM, 2015 WL 417588, at *8 (E.D. Mo. Feb. 2, 2015). The non-precedential cases that plaintiff cites do not undermine that conclusion. *See, e.g.*, *Battle v. Gladstone Law Grp., P.A.*, 951 F. Supp. 2d 1310, 1314–15 (S.D. Fla. 2013) (holding that the plaintiff had "not adequately pled the elements of a 1692(g) violation" because "1692(g) is only triggered after an initial communication," "[t]he filing of a complaint is not an initial communication," and "if an initial communication has not yet occurred, a defendant is under no obligation to comply with 15 U.S.C. § 1692g" (citations omitted)). Consequently, the complaint fails to state a plausible claim against defendant for a violation of § 1692g, and that claim will be dismissed.

### d. Section 1692f

Section 1692f prevents a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. "Congress enacted [§] 1692f to catch conduct not otherwise covered by the FDCPA." *Hanks v. Valarity, LLC*, No. 4:14-CV-1433-JAR, 2015 WL 1886960, at *4 (E.D. Mo. Apr. 24, 2015) (quotation marks and citations omitted). Eight types of prohibited conduct are specified in the statute, the first of which plaintiff pled separately and the Court has already addressed. "The statute's language is clear, however, that conduct that may be deemed 'unfair or unconscionable' is not limited to the acts enumerated in subsections (1) through (8)." *Id.* But where another provision of the FDCPA addresses the specific conduct alleged and complained of, § 1692f "is

inapplicable." *Id.* (citing *Caulfield v. Am. Account & Advisors, Inc.*, No. CIV. 12-2761 DSD/JJK, 2013 WL 1953314, at *3 (D. Minn. May 10, 2013), which held that § 1692f "only applies to conduct not elsewhere covered by the FDCPA").

Here, the complaint does not identify any specific conduct that is unfair or unconscionable distinct from the actions plaintiff claims violate other sections of the FDCPA. Apart from the § 1692g notice claim raised separately and the dispute over the amount of the judgment raised in the § 1692f(1) claim, plaintiff merely alleges that defendant filed the lawsuit on J&M's behalf and that it succeeded in obtaining default judgment for its client. But no facts are alleged to plausibly suggest that filing the lawsuit and taking default judgment was unfair or unconscionable. Plaintiff does not contend that she did not owe a debt to her landlord, or that the debt was not properly assigned to J&M, or that a lawsuit was not a proper vehicle by which to collect that assigned debt. Therefore, § 1692f is inapplicable to plaintiff's nonspecific allegations against defendant, *see id.*, and her claim that defendant violated § 1692f will be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for partial dismissal of the third amended complaint [Doc. #23] is **granted as to all claims except plaintiff's claim based on 15 U.S.C. § 1692(e)(10)**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of March, 2016.